M Gmail                                                                                   michael methner <atomant461@gmail.com>

Case 25-40111-elm11

25-4033

**OBJECTION TO CONFIRMATION OF DEBTOR'S SUBCHAPTER V AMENDED PLAN (ECF NO. 57)**

&lt;atomant461@icloud.com&gt;                                                                  Fri, Jan 9 at 10:18 AM
To: Michael Methner &lt;atomant461@gmail.com&gt;

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

FILED
JAN 09 2026
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

In re:

IFR FOUNDATION REPAIR INC.,

Debtor.

Case No. 25-40111-elm11

Chapter 11 – Subchapter V

OBJECTION OF DR. AND MRS. METHNER

TO CONFIRMATION OF DEBTOR'S SUBCHAPTER V AMENDED PLAN

(ECF NO. 57)

TO THE HONORABLE EDWARD L. MORRIS,

UNITED STATES BANKRUPTCY JUDGE:

Dr. and Mrs. Methner (the "Objecting Creditors") file this Objection to Confirmation of the Debtor's Subchapter V Amended Plan of Reorganization (ECF No. 57) (the "Plan"), and respectfully state as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.
2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).
3. Venue is proper pursuant to 28 U.S.C. § 1408.

## II. FACTUAL BACKGROUND

4. The Objecting Creditors hold a final judgment entered by Judge Gallagher against the Debtor arising from knowing and intentional fraud, in the principal amount of $170,000 plus interest (the "Methner Judgment").
5. The Methner Judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and is the subject of Adversary Proceeding No. 25-04033.
6. The Plan classifies the Methner Judgment Claim in Class 6.
7. The Plan proposes to pay only $170,000, in fixed monthly installments of $2,833.33, with no provision for accrued or continuing interest.
8. The Plan purports to impose payment terms unilaterally, despite stating that such terms must be "mutually agreed upon or determined by further order of the Court."

## III. OBJECTION AND ARGUMENT

A. Misstatement of Allowed Claim

9. The Plan characterizes the Methner Judgment Claim as an "estimated" $170,000.
10. This is incorrect. The Final Judgment awarded $170,000 plus interest, which is final and binding.

11. A Subchapter V plan may not reduce a final judgment by omission of interest. See 11 U.S.C. §§ 502(b), 523(a).

## B. Interest on a Nondischargeable Debt Continues to Accrue

12. Under binding Supreme Court and Fifth Circuit precedent, post-petition interest on a nondischargeable debt continues to accrue during and after bankruptcy, even if not payable from estate property.

13. The Bankruptcy Code distinguishes between allowance of claims against the estate (11 U.S.C. § 502(b)) and the debtor's continuing personal liability (11 U.S.C. § 523(a)).

14. Any plan provision that suspends, caps, or eliminates interest on a nondischargeable debt is legally impermissible.

## C. Applicable Interest Rate and Accrued Interest Ignored

15. Pursuant to Texas Finance Code § 304.003, post-judgment interest accrues at 8.25% per annum, compounded monthly where applicable.

16. The monthly rate is 0.6875%.

17. Over 18 months, compounded interest on $170,000 equals approximately $22,000–$23,000.

18. The current balance is therefore approximately:
    - Principal: $170,000
    - Accrued Interest: ≈ $22,300
    - Total: ≈ $192,300, exclusive of fees and continuing interest.

19. Interest continues to accrue monthly until paid in full.

20. The Plan provides no mechanism to address this interest.

D. Impermissible Elimination of Interest

21. Articles IV and V of the Plan propose payment of the Methner Judgment Claim without interest.

22. Confirmation does not discharge or modify nondischargeable debt. See 11 U.S.C. § 1141(d)(2).

23. The Plan therefore violates 11 U.S.C. §§ 523(a)(2)(A) and 1141(d)(2).

E. Unilateral Payment Terms

24. Although the Plan references mutual agreement or court determination, it imposes fixed payments without consent.

25. No agreement exists.

26. The Plan fails to obtain a judicial determination of the full allowed claim, including interest.

27. The Plan fails to satisfy 11 U.S.C. § 1191(b).

IV. FAILURE OF CONFIRMATION REQUIREMENTS

28. Because the Plan misstates the claim, eliminates interest, impairs a nondischargeable debt, and lacks consent or lawful adjudication, it fails 11 U.S.C. § 1191.

V. RESERVATION OF RIGHTS

29. Objecting Creditors reserve all rights to enforce the judgment, prosecute the adversary proceeding, and seek conversion or dismissal.

30. No rights are waived.

## VI. CONCLUSION

WHEREFORE, Objecting Creditors respectfully request that the Court deny confirmation of the Debtor's Subchapter V Amended Plan and grant such further relief as is just and proper.

Respectfully submitted,

*/s/ Dr. and Mrs. Methner*

Dr. and Mrs. Methner

Objecting Creditors

4201 Co.Rd. 1022 Cleburne TX 76033

817-680-8261

atomant461@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Objection was served pursuant to Fed. R. Bankr. P. 2002, 7004, and 9036 on _____, 2026.