Warren Norred, Texas State Bar No. 24045094
Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Counsel for Debtor

# United States Bankruptcy Court
## Northern District of Texas
## Fort Worth Division

| | |
|---|---|
| **In re:**<br>**IFR Foundation Repair Inc.**<br>4800 Benbrook Blvd<br>Fort Worth, TX 76116<br>EIN: 46-2297346<br><br>**Debtor** | **Case No. 25-40111-elm**<br><br>**Chapter 11**<br><br>**Subchapter V Case** |

## MOTION FOR ENTRY OF FINAL DECREE AND ORDER CLOSING CASE

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ROOM 204, U.S. COURTHOUSE, 501 W. TENTH STREET, FORT WORTH, TEXAS 76102. BEFORE CLOSE OF BUSINESS ON APRIL 27, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY BEFORE THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

IFR Foundation Repair Inc. ("Debtor") files this Motion for Entry of Final Decree pursuant to 11 U.S.C. § 350(a) and Bankruptcy Rule 3022, and respectfully shows:

## I. BACKGROUND

1.     The Debtor filed this Subchapter V Chapter 11 case on January 10, 2025.

2.      On October 3, 2025, the Court entered its Order Confirming Debtor's Subchapter V Plan of Reorganization ("Confirmation Order").

3.      The confirmed plan (as modified by the Confirmation Order, the "Plan") provides for continued operation of the Debtor's business and payment of creditors over time.

4.      On October 6, 2025, the Court entered its Post-Confirmation Order, establishing deadlines for administrative expenses, claim objections, and the filing of a final decree.

## II. SUBSTANTIAL CONSUMMATION OF THE PLAN

5.      The Plan has been substantially consummated within the meaning of 11 U.S.C. § 1101(2). The Plan became effective in accordance with its terms. The Property of the estate vested in the Debtor pursuant to the Confirmation Order. The Debtor has commenced making plan payments under the Plan and continues to operate as the disbursing agent.

6.      The Debtor is operating its business post-confirmation and funding the Plan obligations from ongoing operations, consistent with the Plan.

## III. THE ESTATE HAS BEEN FULLY ADMINISTERED

7.      The estate has been fully administered for purposes of Bankruptcy Rule 3022. The deadlines established by the Court for filing administrative expense requests and claim objections have expired. The Debtor is performing under the Plan, and no further Court supervision is necessary for routine administration.

8.      The Subchapter V Trustee's role has terminated except as provided in the Confirmation Order.

9.      Fees due under 28 U.S.C. § 1930(a)(6) are current.

10.      No matters remain that require continued supervision of the Court in the administration of this Chapter 11 case.

## IV. PENDING MATTERS DO NOT PREVENT ENTRY OF FINAL DECREE

11. A document titled Objection to Confirmation of Debtor's Subchapter V Amended Plan (ECF No. 57) was filed post-confirmation by Dr. and Mrs. Methner.

12. The Plan has already been confirmed by final order of this Court.

13. The objection was filed after confirmation and does not impact the administration of the estate or implementation of the confirmed Plan.

14. To the extent any relief is sought therein, such matters are subsumed by the Confirmation Order or may be addressed, if necessary, through appropriate post-confirmation procedures.

15. There is a pending adversary proceeding styled *Dr. Michael J. Methner and Lisa Methner v. IFR Foundation Repair Inc.*, Adv. No. 25-04033, pending before this Court.

16. The adversary proceeding concerns alleged nondischargeability under 11 U.S.C. § 523(a) arising from a prepetition judgment.

17. The trial docket call in the adversary proceeding has been continued to August 3, 2026, due to significant medical issues affecting the Plaintiffs.

18. However, the adversary proceeding does not impact implementation of the Plan, does not require continued administration of the bankruptcy estate, and can proceed independently of the main bankruptcy case.

19. Cause exists to close the case, and keeping the case open would serve no meaningful administrative purpose and would only increase costs and administrative burdens.

20. Debtor asks the Court for the entry of a final decree with this Court retaining jurisdiction to interpret and enforce the Plan, resolve disputes, address defaults, or adjudicate the pending adversary proceeding.

WHEREFORE, the Debtor respectfully requests the Court to enter a Final Decree closing this Chapter 11 case pursuant to 11 U.S.C. § 350(a) and Bankruptcy Rule 3022; and grant such other and further relief to which the Debtor may be justly entitled.

DATED: April 6, 2026.                    Respectfully submitted:

NORRED LAW, PLLC

By: __/s/ Clayton L. Everett____
        Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border Street
Arlington, Texas 76010
Telephone: (817) 704-3984
Counsel for Debtor

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true and correct copy of the foregoing motion was served on the Office of the U.S. Trustee and upon the parties receiving notice via the Court's CM/ECF system. A copy was also mailed to the parties listed below:

Dr. Michael J. Methner and Lisa Methner
4201 County Road 1022
Cleburne, TX 76033
Atomant461@gmail.com

By: __/s/ Clayton L. Everett____