UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

In re IFR Foundation Repair Inc.,
Debtor.

Case No. 25-40111-elm11
Chapter 11, Subchapter V

# MAIN MOTION FOR CURE

## Exhibit Index

| Exhibit | Description | Packet pages |
|---|---|---|
| **E06** | Order Confirming Amended Plan as Modified | 2-5 |
| **E05** | Amended Subchapter V Plan | 6-14 |
| **E23** | Seven redacted check copies | 15-21 |

United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

In re:
**IFR Foundation Repair Inc.**
4800 Benbrook Blvd
Fort Worth, TX 76116
EIN: 46-2297346

**Debtor**

**Case No. 25-40111-elm11**

**Chapter 11**

**Subchapter V Case**

# SUBCHAPTER V AMENDED PLAN OF REORGANIZATION

**AMENDED DATED: September 29, 2025**

---

## ARTICLE I – INTRODUCTION

IFR Foundation Repair Inc., the Debtor and Debtor in Possession, hereby proposes the following *Amended* Plan of Reorganization pursuant to Chapter 11, Subchapter V, of Title 11 of the United States Code. This Plan provides for the restructuring of the Debtor's financial obligations and continuation of its business.

Summary of Amendments: This Amended Subchapter V Plan clarifies the treatment of tax claims and synchronizes the financial schedules with current filed claims. Secured ad valorem taxes owed to the taxing authorities will be paid in equal monthly installments with statutory interest as required by 11 U.S.C. § 511, with tax liens retained until paid in full, and all amounts completed no later than five years from the Petition Date. Priority tax claims (including the Texas Comptroller) will be paid in full within that same five-year window with § 511 interest, and—at the Comptroller's request—the Plan now includes standard notice, cure, and default remedies language.

The Plan further confirms that other secured creditors retain their liens and are paid directly in accordance with their contracts, with any arrears cured by the Effective Date (or as otherwise agreed in writing). The Methner claim payment terms are synchronized across Article V and the projections to present a consistent feasibility showing. These updates are intended to resolve pending tax-related objections, improve internal consistency, and present accurate, current information based on the filed claims.

## ARTICLE II – DEFINITIONS

The definitions contained in 11 U.S.C. §§ 101 and 1182 shall apply. Additional definitions may be set forth in the Disclosure Statement and/or herein, including:

- **Administrative Claim**: A claim under § 503(b) entitled to priority under § 507(a)(2).
- **Allowed Claim**: A claim that is not objected to, or has been allowed by Final Order.
- **Subchapter V Trustee**: Frances A. Smith.
- **Effective Date**: 30 days after entry of the confirmation order or such earlier/later date as set by the Court.

## ARTICLE III – BACKGROUND

The Debtor is a Texas-based construction company specializing in foundation repair and concrete stabilization. As of the petition date of January 10, 2025, Debtor had 8 W-2 employees and 30 contract workers. Debtor continues to operate and generate approximately $215,786.20 in monthly revenue.

Causes for filing included the Methner Judgment, tax debts, equipment obligations, and legacy secured claims. Debtor seeks to reorganize operations, restructure secured and priority debt, and continue providing services in the DFW area.

## ARTICLE IV – CLASSIFICATION OF CLAIMS

1. **Class 1 – Secured Tax Claims:**
   - **Tarrant County**: $13,508.73
   - **City of Benbrook**: $1,527.79
2. **Class 2 – Other Secured Claims:**
   - **Ford Motor Credit #1**: $21,931.53
   - **Ford Motor Credit #2**: $42,918.03
   - **Ally Bank**: $30,763.67
   - **Pinnacle Bank**: Under disputed; subject to separate resolution.

3. **Class 3 – Priority Claims:**
   - **IRS, Texas Comptroller of Public Accounts (Franchise Tax Claim),** and employee wage claims as allowed
4. **Class 4 – General Unsecured Claims:**
   - Includes vendors, trade creditors, and deficiency claims
5. **Class 5 – Equity Interests:**
   - All equity remains with existing owner Jeff Marshall
6. **Class 6 – Michael Methner Judgment Claim:**
   - This class consists of the claim asserted by Michael Methner, which is the subject of Adversary Proceeding No. 25-04033. The Debtor agrees to pay this claim in full in the estimated amount of $170,000.00, notwithstanding the pending adversary proceeding. This claim shall be treated as a nondischargeable debt under 11 U.S.C. § 523 and shall be paid from the Debtor's post-confirmation income over time, on terms listed below, mutually agreed upon, or determined by further order of the Court.

## ARTICLE V – TREATMENT OF CLAIMS

- **Administrative Claims**: Paid in full on Effective Date or as agreed by holder and Debtor.
- **Class 1 (Secured Tax Claims) (Tarrant County & City of Benbrook claims)**: Paid in equal monthly installments, beginning on the first business day of the month following the Effective Date, with interest at the statutory rate of 12% per annum as required by 11 U.S.C. § 511, accruing from the Petition Date until paid in full; liens under Tex. Tax Code §§ 32.01 and 32.05 shall be retained; and all amounts shall be paid in full no later than January 10, 2030 (five years from the Petition Date).
- **Class 2 (Secured Creditors)**: Each of the secured creditors, as filed and allowed, in this class shall retain their liens and be paid directly by the Debtor in accordance with the original contractual terms. These payments shall be made outside the Plan. Any arrears, if any, shall be cured on or before the Effective Date (or such later date as agreed in writing with the creditor).
- **Class 3 (Priority Claims)**: Paid in full within five (5) years of the Petition Date, with interest at the rate required by 11 U.S.C. § 511 (from the Petition Date until paid in full).

DEFENDANT'S EXHIBIT A

A failure by the reorganized Debtor to make payment to the Comptroller pursuant to the terms of the Plan shall be an Event of Default. If the reorganized Debtor fails to cure the Event of Default as to tax payments within ten (10) calendar days after service of written notice of default from the Comptroller, the Comptroller may (a) enforce the entire amount of its claim, (b) exercise all rights and remedies under applicable nonbankruptcy law, and (c) seek such relief as may be appropriate in this Court. Notice of default shall be served by first class mail upon the Debtor: 4800 Benbrook Blvd., Suite A, Fort Worth, TX 76116, Attn: Chief Executive Officer, and upon Debtor's counsel: Norred Law, PLLC, 515 E. Border St., Arlington, TX 76010, Attn: Clayton Everett; clayton@norredlaw.com.

The Debtor shall be allowed to cure up to two (2) defaults. Upon the third default, the Comptroller, at its option, may declare a default non-curable and proceed to collect the remainder of the debt.

- **Class 4 (General Unsecured Creditors)**: Pro-rata distribution from disposable income over 36 months; estimated recovery: (minimum $17,500 per year aggregate).
- **Class 5 (Equity)**: Retains interest; subordinated to all creditor classes.
- **Class 6 (Methner Nondischargeable Claim)**: Paid in full from post-confirmation income and not subject to discharge. Methner will receive $2,833.33 per month post-confirmation until the claim of $170,000 is paid in full.

## ARTICLE VI – IMPLEMENTATION

- Debtor to fund payments from business income.
- Exhibit A (attached): Projected cash flow and disposable income.
- Exhibit B (attached): Liquidation analysis showing creditors receive more under the Plan than in Chapter 7.
- Debtor to retain all assets not used to fund plan payments.
- **Disbursing Agent.** Pursuant to 11 U.S.C. § 1194(b), the Debtor shall serve as the disbursing agent and shall make all distributions required by this Plan. Distributions shall begin on the first business day of the month following the Effective Date and continue until all payments are completed, and may be made by check, ACH, or wire.
- **Early Termination; Reappointment Reserved.** Effective on the Effective Date, the service of the Subchapter V Trustee is terminated, except for filing any final report and submitting/receiving payment of any fees and expenses allowed under 11 U.S.C. § 330 as Administrative Expenses. The Court retains jurisdiction to reappoint the Subchapter V

Trustee (or appoint a successor) upon motion and notice for cause, including any material default under this Plan, failure to make timely distributions, or as otherwise appropriate.

## ARTICLE VII – EXECUTORY CONTRACTS

All executory contracts and unexpired leases not rejected before the Confirmation Date shall be deemed assumed.

## ARTICLE VIII – DISCHARGE AND RETENTION OF CLAIMS

Confirmation discharges the Debtor of all debts provided for in the Plan, except as otherwise provided in 11 U.S.C. § 1192. The Methner claim classified in Class 6 shall not be discharged and shall be paid in full.

## ARTICLE IX – MODIFICATION OF THE PLAN

Debtor may modify the Plan before confirmation. Post-confirmation modifications shall comply with § 1193.

## ARTICLE X – RETENTION OF JURISDICTION

The Court shall retain jurisdiction over all matters related to the Plan, including:

- Plan implementation,
- Claim objections,
- Disputes concerning distributions,
- Modifications,
- Enforcement of confirmation order.

Respectfully submitted,

**IFR Foundation Repair Inc.**

__/s/ Jeff Marshall__________________
By: Jeff Marshall, President & CEO

**NORRED LAW, PLLC**

__/s/ Clayton L. Everett____
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border Street
Arlington, Texas 76010
Telephone: (817) 704-3984

Counsel for IFR Foundation Repair Inc.

# EXHIBIT A

## IFR FOUNDATION REPAIR INC.
## PROJECTED CASH FLOW AND DISPOSABLE INCOME

**Projected Period: 2025 - 2027 (Post-Confirmation)**

| Year | Total Income | Total Operating Expenses | Net Operating Income | Plan Payments | Net Cash Available |
|---|---|---|---|---|---|
| 2025 | $2,589,434.40 | $2,474,128.48 | $115,305.92 | $67,500.00 | $47,805.92 |
| 2026 | $2,718,906.12 | $2,597,834.90 | $121,071.22 | $67,500.00 | $53,571.22 |
| 2027 | $2,854,851.42 | $2,727,726.65 | $127,124.77 | $67,500.00 | $59,624.77 |

**Assumptions:**

- Plan Payments include minimum annual distributions of $17,500 to Class 4 (General Unsecured Claims), and $34,000 per year allocated toward the Methner Judgment Claim (Class 6).
- Net Operating Income based on average monthly revenue of $215,786.20 and net monthly surplus of $9,608.16 as reported in the Pre-Status Report.
- Income and expenses projected with 5% annual growth for three years.
- Debtor maintains sufficient cash on hand to fund monthly obligations and sustain operations.

These projections demonstrate the Debtor's ability to meet plan obligations from business income and maintain operations throughout the life of the plan.

Respectfully submitted,
**IFR Foundation Repair Inc.**

**EXHIBIT B**

**IFR FOUNDATION REPAIR INC.**
**HYPOTHETICAL LIQUIDATION ANALYSIS**

**As of Petition Date: January 10, 2025**

| **Asset Description** | **Estimated Liquidation Value** |
|---|---|
| Cash on Hand | $7,689.82 |
| Accounts Receivable | $181,341.61 (70% of $259,059.44) |
| Vehicles and Equipment | $42,500.00 |
| *Tools and Misc. Equipment* | $10,000.00 |
| Office Equipment & Supplies | $5,000.00 |
| Inventory and Materials | $12,000.00 |
| Total Liquidation Value | **$258,531.43** |

---

**Estimated Liquidation Costs:**

- Chapter 7 Trustee Fees (10% est.): $25,853.14
- Chapter 7 Administrative Expenses: $15,000.00
- Auction/Asset Sale Costs: $10,000.00

**Total Liquidation Costs: $50,853.14**

**Net Estate Available for Distribution:** $207,678.29

---

**Priority of Distribution:**

- Secured Claims (est. recovery): $135,000.00
- Priority Tax Claims (IRS, wages): $35,000.00

**Estimated Remaining for Unsecured Claims:** $37,678.29

**Total General Unsecured Claims (Estimated):** $175,000.00

**Estimated Recovery to Unsecured Creditors in Chapter 7:** ~21.5%

**Conclusion:** Under this hypothetical liquidation scenario, unsecured creditors would recover approximately 21.5% of their claims. By contrast, under the proposed Plan of Reorganization, Class 4 unsecured creditors are projected to receive more than they would in Chapter 7, fulfilling the best interest of creditors test.

Respectfully submitted,
**IFR Foundation Repair Inc.**

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 3, 2025**

**United States Bankruptcy Judge**

---

United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| **In re:**<br>**IFR Foundation Repair Inc.**<br>4800 Benbrook Blvd.<br>Fort Worth, TX 76116<br>EIN: 46-2297346<br><br>**Debtor** | **Case No. 25-40111-elm**<br><br>**Chapter 11**<br><br>**Subchapter V Case** |

## ORDER CONFIRMING DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION UNDER U.S.C. § 1191(b)

The Court considered confirmation of the Debtor's Amended Subchapter V Plan of Reorganization (the "Plan") [Dkt. 57]. Having reviewed the Plan, the confirmation record, any objections and responses, and the evidence and argument presented, the Court finds and concludes as follows:

### I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. **Jurisdiction, Venue, and Core Proceeding.** The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408–09. Confirmation of a plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

2. **Eligibility and Subchapter V Status.** Debtor is eligible for relief under Subchapter V, and a Subchapter V trustee was appointed.

3. **Notice**. Adequate and proper notice of the Plan and the confirmation hearing has been given under the Bankruptcy Code, Bankruptcy Rules, and this Court's orders. Any objections to notice are overruled.

4. **Pre-confirmation modifications**. The Plan, as amended, contains modifications that do not adversely change the treatment of any creditor or interest holder who has not accepted the Plan. Under Bankruptcy Rule 3019(a) and 11 U.S.C. § 1193(a), no additional solicitation is required, and the Plan may be confirmed as modified.

5. **Section 1129(a) (except (8), (10), and (15))**. The Debtor has satisfied all applicable requirements of 11 U.S.C. § 1129(a) other than paragraphs (8), (10), and (15) (which are excepted by § 1191(b)), including without limitation: good faith (§ 1129(a)(3)); disclosure of post-confirmation management (§ 1129(a)(5)); best interests of creditors (§ 1129(a)(7)); priority treatment of claims including taxes (§ 1129(a)(9)); feasibility (§ 1129(a)(11)); and payment of fees (§ 1129(a)(12)).

6. **Tax claims; § 511 and § 1129(a)(9)(C)**. The Plan provides interest at the statutory rate required by 11 U.S.C. § 511, equal monthly installments and retention of tax liens until payment in full, and completion of priority tax payments no later than five years from the Petition Date, satisfying § 1129(a)(9)(C) and § 511.

7. **Impaired non-accepting classes**. One or more impaired classes did not accept the Plan. Classes 1 (Secured Tax Claims), 3 (Priority Claims), 4 (General Unsecured Claims), 5 (Equity), and 6 (Methner Judgment Claim) are impaired under the Plan. Section 1191(b) therefore governs confirmation.

8. **No unfair discrimination; fair and equitable**. The Plan does not discriminate unfairly and is fair and equitable with respect to each impaired, non-accepting class, as required by § 1191(b) and (c). With respect to secured claims, the Plan satisfies § 1129(b)(2)(A). With respect to non-priority unsecured claims, beginning on the date the first plan payment is due, the Plan commits the Debtor's projected disposable income for not less than three years (and up to five years as set forth in the Plan), or provides property of a value not less than such projected disposable income over the same period, satisfying § 1191(c)(2). The Plan further shows either that the Debtor will be able to make all payments under the Plan or, alternatively, a reasonable likelihood of payment together with appropriate remedies in the event of default, satisfying § 1191(c)(3).

9. **Claims of Class 4 (General Unsecured Claims) and Class 6 (Methner Claim)**. The Plan is modified as follows: With respect to Class 4, general unsecured creditors shall receive pro rata distributions totaling not less than $79,000 over the first thirty-six (36) months of the Plan, which represents a commitment of projected disposable income for that period. With respect to Class 6, the Methner Judgment Claim shall receive $75,000 over months 1 through 36 of the Plan, with the remaining balance of the allowed claim paid in full over months 37 through 60.

10. **Disbursements under § 1194(b)**. The Plan designates the Debtor as the disbursing agent, and that designation is approved.

11. **Resolution of objections**. The tax-related issues raised by Tarrant County are resolved by the Plan as amended; any remaining objections are overruled. The Texas Comptroller's requested default and cure language is incorporated into the Plan and approved.

12. **Conclusions of law**. Confirmation of the Plan under § 1191(b) is warranted and in the best interests of the estate, creditors, and equity interest holders.

## II. ORDER

A. **Confirmation**. The Amended Subchapter V Plan of Reorganization [Dkt. 57], as modified by this Order, is confirmed under 11 U.S.C. § 1191(b). For avoidance of doubt, (i) Classes 1, 3, 4, 5, and 6 are impaired; (ii) Class 4 creditors shall receive pro rata distributions totaling not less than $79,000 over the first 36 months; (iii) Class 6 shall receive $75,000 over months 1–36, with the balance paid in full over months 37–60; and (iv) the Class 6 claimant shall have 14 days from entry of this Order to seek reconsideration.

B. **Protective Clause for Class 6**. The Class 6 claimant shall have **14 days from the entry of this Order** to move for reconsideration of this confirmation order if the claimant contends that the treatment of its claim as set forth herein materially differs from the treatment provided for in the Amended Plan.

C. **Binding effect; vesting**. Under § 1192 and § 1141, the provisions of the confirmed Plan bind the Debtor, any entity acquiring property under the Plan, and all creditors and equity interest holders, whether or not such holders have accepted the Plan. Property of the estate vests in the Debtor as provided in the Plan, free and clear of liens, claims, and interests except as otherwise stated in the Plan and this Order, including the retention of statutory tax liens until payment in full.

D. **Treatment of taxing authorities**. The Plan's treatment of all priority and secured tax claims—including § 511 interest, equal monthly installments, statutory lien retention through payment in full, and completion of payments no later than five years from the Petition Date—is approved and shall govern. The Texas Comptroller's default and cure provisions included in the Plan are approved and shall be enforceable.

E. **Disbursing agent**. Under § 1194(b), the Debtor shall serve as the disbursing agent and shall make all distributions required by the Plan in the manner and on the schedule set forth therein.

F. **Subchapter V trustee; early termination; reappointment reserved**. Effective as of the Effective Date, the service of the Subchapter V Trustee is terminated, except for filing any final report and seeking allowance and payment of any fees and expenses under § 330 as Administrative Expenses under §§ 503(b) and 507(a)(2). The Court retains jurisdiction to reappoint the Subchapter V Trustee (or appoint a successor) for cause upon motion and notice, including in the event of material default under the Plan or failure to make timely distributions.

G. **Administrative expenses and U.S. Trustee fees**. Administrative Expense Claims, including professional compensation and expenses allowed under § 330, shall be paid as provided in the Plan and this Order. Fees due under 28 U.S.C. § 1930(a)(6) shall be paid when due until entry of a final decree.

H. **Implementation and effectuation**. The Debtor, and any person or entity acting by, through, or on behalf of the Debtor, is authorized and directed to take all actions necessary or appropriate to consummate and implement the Plan and this Order.

I. **Retention of jurisdiction**. The Court retains jurisdiction to interpret, implement, and enforce the Plan and this Order, including, without limitation, to resolve claim objections; enter orders regarding defaults, remedies, or enforcement of taxing-authority rights; address issues concerning distributions; consider any request for reappointment of the Subchapter V Trustee; and enter a final decree.

J. **Final decree**. Upon substantial consummation and satisfaction of applicable requirements, the Debtor may move for entry of a final decree closing the case.

**# # # END OF ORDER # # #**

Approved and submitted by:

Clayton L. Everett
State Bar No. 24065212
Norred Law, PLLC
515 E. Border St. | Arlington, Texas 76010
Telephone: (817) 704-3984
clayton@norredlaw.com
Counsel for the Debtor

I hereby certify that the foregoing is a true copy of the original thereof now in my office this the 5 day of November 2026 Clerk, U. S. Bankruptcy Court Northern District of Texas
By /NCwaller Deputy

**E23 | Check 6827 | 1 of 7**

CASH ONLY IF ALL CheckLock™ SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

6827

IFR Foundation Repair, Inc.
4800 Benbrook Blvd Ste A
Fort Worth, TX 76116
817-561-6500

Pinnacle Bank
9282 Benbrook Blvd
Benbrook, TX 76126
88-351/1119

12/10/2025

PAY TO THE ORDER OF DR. MICHAEL METHNER $ **2,833.40

Two Thousand Eight Hundred Thirty-Three and 40/100****************************************************** DOLLARS

PROTECTED AGAINST FRAUD

DR. MICHAEL METHNER
AND LISA METHNER

MEMO

MP

Intuit® CheckLock™ Secure Check — Details on Back

[redacted]

Bank account information masked.

**E23 | Check 6885 | 2 of 7**

CASH ONLY IF ALL CheckLock™ SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

6885

**IFR Foundation Repair, Inc.**
4800 Benbrook Blvd Ste A
Fort Worth, TX 76116
817-561-6500

Pinnacle Bank
9282 Benbrook Blvd
Bnebrook, TX 76126
88-351/1119

12/18/2025

PAY TO THE ORDER OF DR. MICHAEL METHNER $ **2,833.40

Two Thousand Eight Hundred Thirty-Three and 40/100************************************************** DOLLARS

PROTECTED AGAINST FRAUD

DR. MICHAEL METHNER
AND LISA METHNER

MEMO

MP

Details on Back

Intuit™ CheckLock™ Secure Check

[redacted]

Bank account information masked.

**E23 | Check 6953 | 3 of 7**


CASH ONLY IF ALL CheckLock™ SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

**IFR Foundation Repair, Inc.**
4800 Benbrook Blvd Ste A
Fort Worth, TX 76116
817-561-6500

Pinnacle Bank
9282 Benbrook Blvd
Bnebrook, TX 76126
88-351/1119

6953

01/02/2026

PAY TO THE ORDER OF DR. MICHAEL METHNER $ **2,833.40

Two Thousand Eight Hundred Thirty-Three and 40/100****************************************************** DOLLARS

PROTECTED AGAINST FRAUD

DR. MICHAEL METHNER
AND LISA METHNER

MEMO

[redacted]

Details on Back

Intuit CheckLock™ Secure Check

Bank account information masked.

**E23 | Check 7106 | 4 of 7**




Bank account information masked.

**E23 | Check 7272 | 5 of 7**



IFR Foundation Repair, Inc.
4800 Benbrook Blvd Ste A
Fort Worth, TX 76116
817-561-6500

Pinnacle Bank
9202 Benbrook Blvd
Benbrook, TX 76126
88-351/1110

7272

02/25/2026

PAY TO THE ORDER OF DR. MICHAEL METHNER

$ **2,833.40

Two Thousand Eight Hundred Thirty-Three and 40/100*************************************************** DOLLARS

DR. MICHAEL METHNER
AND LISA METHNER

MEMO

[redacted]

Bank account information masked.

**E23 | Check 7389 | 6 of 7**

IFR Foundation Repair, Inc.
4800 Benbrook Blvd Ste A
Fort Worth, TX 76116
817-561-6500

Pinnacle Bank
6282 Benbrook Blvd
Benbrook, TX 76126
88-331/1110

7389

03/27/2026

PAY TO THE ORDER OF DR. MICHAEL METHNER

$ **2,833.40

Two Thousand Eight Hundred Thirty-Three and 40/100************************************************** DOLLARS

DR. MICHAEL METHNER
AND LISA METHNER

MEMO

[redacted]

Bank account information masked.

**E23 | Check 8262 | 7 of 7**



IFR Foundation Repair, Inc.
4798 Benbrook Blvd.
Benbrook, TX 76116
817-561-6500

8262

9/25/26

PAY TO THE ORDER OF Michael Methner $ 2833.40

Two thousand eight hundred thirty three $ 40/100 DOLLARS

MEMO

[redacted]

Bank account information masked.